HARRIS, Judge.
The Department of Health and Rehabilitative Services (“HRS”) has appealed the lower court’s adjudication of T.J.C. as a child in need of services. The issue is whether a school board may commence a proceeding as described in section 232.-19(3)(a), Florida Statutes (1991):
In case a child becomes a habitual truant, the school administration shall file with the circuit court a complaint alleging the facts and the child shall be dealt with as a child in need of services....
HRS contends that, notwithstanding the above-quoted language, HRS has the sole power to file a habitually truant petition. HRS argues that the Florida legislature, in enacting the revisions to Chapter 39 in 1987 that created the “Children in Need of Services” classification, intended to preempt the above-quoted provision. See § 39.436(1), Fla.Stat. (1991). We acknowledge that the coordination between the procedure established in section 232.-19(3) and Chapter 39 is certainly no model of clarity. However, we cannot credit HRS’ contention that a school board no longer has the right to initiate proceedings to deal with a habitual truant. Moreover, the legislature’s continued revisions to section 232.19(3)[1] since the amendments to Chapter 39 upon which HRS relies, strongly suggest the legislature intends section *333 232.19(3)(a) to have continued force[2] as written. HRS also contends that the lower court failed to follow the procedural requirements of the Florida Statutes and the Florida Rules of Juvenile Procedure in adjudicating T.J.C. a child in need of services.
But the mother, presumably acting also as natural guardian of her eight-year-old, at the initial hearing not only waived an adjudicatory hearing but expressly stated that she did not wish to contest the petition for child in need of services. Since HRS is not appearing for either the mother or child, it lacks standing to seek reversal because of some perceived due process violation relating to them.
It is true that the initial hearing was held in an informal (but effective) manner. But the only relief the school board sought was explained by its lawyer:
Your Honor, the School Board just basically wants the child in school and the child in school on time.
The mother, who expressed reservations about the child’s teacher, left this hearing indicating that she would cooperate with the school board in seeing that the child— who had missed 46 days and was tardy an additional 27 times during that current school term — would attend school regularly and on time if he were transferred to another second grade class.
The court then appointed a guardian ad litem for the child and scheduled a disposition hearing.
The next day, the child was transferred to a new second grade class. The following day, the child’s mother called the court to complain about the new teacher. The disposition hearing was conducted 20 school days after the initial hearing. The child had been absent six of those days and tardy an additional four.
The judge properly adjudicated the child as a child in need of services and ordered the mother to complete a parenting class and to undergo psychological evaluation. Again, neither the mother, individually nor the mother on behalf of the child nor the guardian ad litem has appealed this decision.
AFFIRMED.
GOSHORN, C.J., concurs.
GRIFFIN, J., concurs in result only.

. Chapter 90-288, Laws of Florida.

. The school board acknowledges its filing should have been denominated a "complaint.”